Date signed April 21, 2014



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                               :
                                     :
CHARLES S. RAND                      :    Case No. 14-10753PM
                                     :    Chapter 13
        Debtor                       :
- - - - - - - - - - - - - - - - - - -:

### MEMORANDUM OF DECISION

This bankruptcy case filed January 16, 2014, came before the court for a hearing on confirmation of the Debtor's Chapter 13 Plan. The Plan provides for payments of $1,500.00 a month to the Chapter 13 Trustee for 60 months. Three proofs of claim were filed – one (as amended) by the Internal Revenue Service ("IRS"), consisting of an unsecured priority claim of $80,778.04 and an unsecured general claim of $62,805.46; another filed by Steve Steinberg ("Steinberg"), the holder of an unsecured general claim of $42,395.72, who also filed an Objection to the Plan and actively participated in the confirmation hearing through counsel; and the third filed by Ocwen Loan Servicing, LLC ("Ocwen"), consisting of a secured claim totaling $149,003.11 with an arrearage of $168.93, secured by a residence valued by the Debtor at $113,526.00. The Debtor scheduled a priority claim held by the State of Maryland in the amount of $14,714.34.[1]  The Plan provides for payment of the balance of the Debtor's attorney's fees of $2,000.00, payment of the IRS claim listed at $61,387.00 in 59 payments of $1,041.00, payment of the State of Maryland in 59 payments of $250.00, and payment to Steinberg in 59

---

[1] The bar date for filing claims is May 28, 2014.

payments of $676.00 a month.  Whether or not a proof of claim is filed by the State of Maryland, the Plan is obviously underfunded.

Even if the Debtor completed all payments proposed under the Plan, he would not be eligible for a discharge because he received a discharge in a case under Chapter 7 (Case No. 10-33246) filed October 10, 2010.  Section 1328(f)(1) of the Bankruptcy Code bars a discharge where a debtor received a discharge in a case filed less than four years before the filing of the second case.  In the earlier case, Steinberg filed a Complaint objecting to the Debtor's discharge that by consent of the parties was amended to include a third count objecting to the dischargeability of a debt under 11 U.S.C. § 523(a)(6).  The parties thereafter entered into an agreement providing for a consent judgment that dismissed the two counts objecting to discharge and provided for the entry of a non-dischargeable judgment in favor of Steinberg in the amount of $40,000.00 that was entered on August 12, 2013.  The Debtor subsequently received his discharge on September 17, 2013.

A Chapter 13 petition filed shortly after a debtor receives a Chapter 7 discharge is commonly known as a "Chapter 20."  *In re Fisette*, 695 F.3d 803, 805 (CA8 2012).  It most commonly occurs when a debtor, having received a discharged of all her unsecured debt in the Chapter 7 case, seeks to strip a valueless junior lien off a residence, something not permitted in Chapter 7.  *Ryan v. Homecomings Financial Network*, 253 F.3d 778, 781-82 (CA4 2001).

The Debtor's second case was filed four months after he received his Chapter 7 discharge.  The purpose of this filing was to avoid or delay paying Steinberg the non-dischargeable consent judgment.  There was no other reason for the filing of the Chapter 13 case, as all debts that could have been discharged were discharged in the Chapter 7 case.  The filing of the petition cannot be said to meet the good faith requirement of 11 U.S.C. § 1325(a)(7).  It cannot be disputed that the Debtor's sole reason for filing this petition under Chapter 13 on the heels of the Chapter 7 discharge was to deal with the debt declared non-dischargeable by virtue of a consent order in the recent adversary proceeding.  Filing a Chapter 13 case for the purpose of discharging a single non-dischargeable claim is recognized as a filing in bad faith.  *In re Moroney*, 330 B.R. 527, 532 (B.C. E.D. Va. 2005).  A Chapter 13 case aimed at paying only a small portion of a non-dischargeable debt deserves particular scrutiny.  *In re Sellers*, 285 B.R. 769, 773-74 (B.C. S.D. Ga. 2001).

As noted above, the only creditors shown on the Debtor's schedules are Steinberg, two non-dischargeable tax claims, and the Ocwen residential loan with a modest arrearage that the

Debtor proposes to pay "outside the plan."  The Debtor has no personal liability on the Ocwen claim.  It is solely an *in rem* obligation against the residence.  *In re Hamlett*, 322 F.3d 342, 347 (CA4 2003).

The court will confirm a Chapter 13 plan if the plan meets the requirements of 11 U.S.C. § 1325(a).  Among these are the requirements that "the plan has been proposed in good faith and not by any means forbidden by law," § 1325(a)(3), and "the action of the debtor in filing the petition was in good faith[,]" § 1325(a)(7).  In determining whether a petition has been filed in good faith, bankruptcy courts generally consider the following factors:

> (1) debtor's accuracy in stating her debts and expenses, (2) debtor's honesty in the bankruptcy process, including whether she has attempted to mislead the court and whether she has made any misrepresentations, (3) whether the Bankruptcy Code is being unfairly manipulated, (4) the type of debt sought to be discharged, (5) whether the debt would be dischargeable in a Chapter 7, and (6) debtor's motivation and sincerity in seeking Chapter 13 relief.  *Cabral*, 285 B.R. at 573; *Dicey*, 312 B.R. at 459; *Virden*, 279 B.R. at 408.  A finding of bad faith does not require fraudulent intent by the debtor. *See Fleury*, 294 B.R. at 6.

*In re Sullivan*, 326 B.R. 204 (BAP1 2005).

Here, the court finds that the Debtor is unfairly manipulating the Bankruptcy Code to discharge a non-dischargeable debt.  The motivation of the Debtor in seeking Chapter 13 relief was entirely focused on one debt, as nothing else is accomplished by the filing.  Whether a plan has been proposed "in good faith" is a concept that requires a factual determination based upon the totality of the circumstances.  *Deans v. O'Donnell*, 692 F.2d 968, 972 (CA4 1982); *Neufeld v. Freeman*, 794 F.2d 149, 152 (CA4 1986); *In re Caldwell*, 851 F.2d 852, 858 (CA6 1988); *Matter of Love*, 957 F.2d 1350, 1354 (CA7 1992).  In making a good faith determination, consideration must be given to the practicalities of the situation.  *State Educ. Assistance Authority v. Johnson*, 43 B.R. 1016, 1022 (E.D. Va. 1984).  The record does not reflect that the Debtor established any change in circumstances to justify the second filing.  *Cf. In re Stern*, 266 B.R. 322, 327 (B.C. Md. 2001); *In re Cushman,* 217  B.R. 470 (B.C. E.D. Va. 2001); *In re Metz*, 820 F.2d 1495, 1498 (CA9 1987).  The Debtor has the burden of proof for establishing that the Plan satisfies the good faith test.  *Tillman v. Lombard*, 156 B.R. 156, 159 (E.D. Va. 1993); *In re Poole*, 383 B.R. 308, 315-316 (BC S.C. 2007).  He has not sustained that burden.

Steinberg charges the Debtor with various misstatements in the Chapter 7 case. The court will not address these allegations that might militate against confirmation,[2] nor will it deal with the fact that the Plan is underfunded. Instead the court will limit its ruling in denying confirmation and dismissing the case because of the Debtor's bad faith in filing this petition and not proposing the Plan in good faith.

cc:
Lawrence F. Regan, Jr., 17 West Jefferson Street, Suite 100, Rockville, MD 20850
Charles N. Shaffer, Esq., 2275 Research Blvd., Suite 440, Rockville, MD 20850
Charles S. Rand, 751 Rockville Pike, Suite 7, Rockville, MD 20852
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Alan D. Eisler, Esq., 3206 Tower Oaks Blvd., Rockville, Md 20852
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**

---

[2] A debtor's prior bankruptcy filing and conduct are relevant in appropriate cases to the good faith inquiry. The non-dischargeability of a debt is a relevant factor in the good faith inquiry, particularly where it represents a major portion of the claims sought to be dealt with. *Neufeld v. Freeman*, 794 F.2d 149. *See Matter of Love*, 957 F.2d 1350.